Fuller *v.* Wing.

HENRY W. FULLER, *Judge, vs.* LEONARD WING *& als.*

The guardian of a person, *non compos mentis*, who is entitled to a pension from the *United States*, is not bound to apply the pension money in his hands to the payment of pre-existing debts of his ward.

Nor is it the duty of such guardian to make sale of the household furniture of the ward, not subject to be taken on execution, for the payment of his debts.

In a suit for the benefit of a creditor upon a bond given by the guardian of a person *non compos mentis* to the Judge of Probate, where the only breach shown is the neglect of the guardian to return an inventory of the estate of the ward within three months, and where the estate was not subject to the payment of debts, the damages are but nominal.

In a suit upon a guardian's bond to the Judge of Probate where it is not alleged *in the writ* for whose benefit it is instituted, and that the same is sued out for his benefit in the name of the Judge of Probate, as required by the *stat.* 1830, *c.* 470, there being merely an indorsement thereof on the back of the writ, as required prior to that statute, and where but nominal damages could be recovered ; the court will not grant leave to set the writ right by amendment, *if the power to grant such amendment exists.*

DEBT upon a probate bond, dated *Feb.* 27, 1837, given by the defendants upon the appointment of *Leonard Wing*, guardian to *Moses Wing*, a *non compos*, now deceased. The parties in interest agreed on a statement of facts. *Leonard Wing* has not returned an inventory of the estate of *Moses Wing* into the probate office. *Owen & Virgin*, for whose benefit this action is instituted, had a just demand against *Moses Wing*, which accrued previously to the appointment of *Leonard Wing*, as guardian, and obtained judgment thereon. They delivered their execution, issued on the judgment, to a deputy sheriff with directions to collect the same, and the deputy, before the commencement of this action, demanded payment of the execution of *Leonard Wing*, as guardian of *Moses Wing*, and the guardian refused to pay it, or to pay any part of it. *Moses Wing* was an aged and infirm man, having in his family a wife, daughter and grand-daughter, and having little or no property other than household furniture sufficient merely for domestic comfort, but had a pension from the government of the *United States*, amounting to the sum of $462,00, payable semi-annually on the 4th of *March* and *September*. At the time the demand was made on *Leonard Wing*, he had in money sixty dol-

lars belonging to his ward, part of *Moses Wing's* pension, and be-tween that time and *Moses Wing's* death, he paid several small debts against his ward, that had been contracted previous to his appointment as guardian. The daughter of *Moses Wing* living with him had an independent property sufficient to support herself. *Moses Wing* died *June* 28, 1837, and his guardian, at the time of his death, had in his hands after paying funeral charges, money belonging to his ward to the amount of $33,52, which he has since paid to the widow of the deceased, administratrix on the estate of her husband, by order of the Judge of Probate.

When the case was called for argument, *May*, for the plaintiff, moved for leave to amend the writ by inserting therein the persons for whose benefit the action was brought, as the same was indorsed on the back thereof. *Emmons*, for the defendants, objected, that the statute, 1830, *c.* 470, § 1, is positive that the writ shall abate for this cause, and the Court have no power to permit an amendment. *May.* The writ is only abateable, like other writs, and is amendable. It is now too late to object.

*May* contended, that there was a breach of the bond, because *Leonard Wing*, the guardian, did not return an inventory of his ward's estate within three months from the making of the bond. *Stat.* 1830, *c.* 470, § 11 ; *stat.* 1821, *c.* 51, § 51, 72 ; *Potter J.* v. *Titcomb,* 1 *Fairf.* 53. It was the legal duty of the guardian to have paid upon the plaintiff's execution whatever funds he had in his hands at the time a demand was made by the officer. *Boyden* v. *Boyden,* 5 *Mass. R.* 427 ; *Conant* v. *Kendall, Law Reporter, No.* 9, 266, (21 *Pick.* 36.)

*Emmons* argued for the defendants, and contended that the guardian had not committed a breach of the bond by omitting to return an inventory. The law does not require that an inventory should be returned, unless there is property to be inventoried subject to be appropriated to the payment of debts. The inventory is not to be returned, unless the Judge of Probate requires it. Here there is no evidence that such order was given. But if there is a breach on that account, the damages are but nominal. The money received on account of the pension is prohibited by the pension act from being taken to pay debts. It is to be appropriated exclusively to the support of the pensioner.

Fuller *v.* Wing.

The opinion of the Court was drawn up by

WESTON C. J. — By the act regulating courts of probate, statute of 1821, *c.* 51, § 49, guardians of persons *non compos*, are to be required to make a true and perfect inventory, under oath, of the estates of their wards. In the performance of this duty, their creditors have an interest. The plaintiff, for whose benefit the suit is brought, claims to charge the defendants, upon the failure of the guardian to return an inventory, and upon his refusal to pay to the plaintiff the money in his hands, belonging to his ward, at the *time* when payment of his execution was demanded.

That money was part of the pension, granted by the *United States* to his ward. It was competent for the government, to determine for what purposes their bounty should be applied. It was manifestly intended for the personal comfort and support of the pensioner. That this object might not be defeated, the act of Congress provides, that it shall not be attachable or made liable for the payment of debts. This was no injury to creditors. The pension had not been provided at their expense. And we are of opinion, that this immunity exists, so long as the fund can be identified ; and the guardian was therefore well justified, in refusing to apply the money to the payment of the plaintiff's execution.

The statute of 1821, before cited, § 72, provides, that whenever any administrator shall have received the personal property of the intestate, and shall not have exhibited on oath a particular inventory thereof, execution shall be awarded against him for such part of the penalty of his administration bond, *as the supreme court of probate shall on full consideration of all the circumstances of the case, judge reasonable.* And the like judgment and proceedings (so far as they can with propriety take place) are to be had upon the bonds of the guardians. We are not satisfied, that the household furniture of the ward, necessary for his domestic comfort, if an inventory of it had been returned, could have been made available to creditors. It was not liable to their execution. Nor could it have been the duty of the guardian to strip him of it, for the payment of his debts. Upon the failure therefore of the guardian to return an inventory, the court could not deem it reasonable, to award execution in favor of a creditor, for any thing more than nominal damages.

Fuller *v.* Wing.

Having considered the case upon its merits, it remains to be determined, whether the amendment moved for by the plaintiff's counsel, is essential to the maintenance of the action, and if so, whether such amendment can or ought to be allowed. The statute of 1830, *c.* 470, § 1, expressly provides, that in suits on probate bonds, the name, place of abode and addition of the person, for whose benefit it is instituted, shall be inserted in the writ, otherwise the same shall abate. This positive enactment, we are not at liberty to disregard. Without a compliance with its provisions, no judgment can be rendered for the plaintiff. It is made a condition of which the Court will take notice, ex officio; and it cannot be regarded as rendered unnecessary, by any implied waiver, on the part of the defendant.

It is not one of those circumstantial errors or mistakes, for which, by the act regulating judicial process, statute of 1821, *c.* 59, § 16, no process shall be abated; for the law is imperative, that such shall be the effect of the deficiency under consideration. Such however is the liberality, with which amendments are allowed, that we incline to the opinion, that the Court might, in its discretion, grant the motion to amend; but upon this point it is not necessary to speak decisively, as the justice of the case does not require its allowance on the present occasion to sustain a claim for nominal damages. And it is accordingly refused.

*Writ abated.*